1
2
3
4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    NATIONSTAR MORTGAGE, LLC,              Case No.  14-cv-02138-KAW

8                 Plaintiff,

9          v.                              **REPORT AND RECOMMENDATION
                                            TO REMAND CASE TO STATE
10   JEFFREY M. STOLTE,                     COURT; ORDER REASSIGNING CASE
                                            TO A DISTRICT JUDGE**
                  Defendant.
11

12

13          On May 9, 2014, Defendant Jeffrey M. Stolte, who proceeds *pro se*, removed this unlawful

14   detainer action from Contra Costa County Superior Court.  (Notice of Removal, Dkt. No. 1.)  This

15   is the second time he has done so since Plaintiff Nationstar Mortgage, LLC originally filed the

16   case in state court.  *See Stolte v. Nationstar Mortgage, LLC*, No. 13-cv-05539-JCS.  In the notice

17   of removal, Defendant states that this Court has diversity jurisdiction over this case.  (Notice of

18   Removal ¶ 3.)  The face of the complaint, however, indicates that this is a "limited civil case,"

19   with the "amount [demanded] not to exceed $10,000.00."  (*See* Compl.)

20          On August 5, 2014, the undersigned ordered Defendant to show cause why this case

21   should not be remanded to Contra Costa County Superior Court for lack of federal jurisdiction.

22   (Order, Dkt. No. 7.)  Defendant was to file a written response to the order within 14 days.  As of

23   the filing of this report and recommendation, Defendant has not filed a response to the order to

24   show cause.

25          Here, the only claim in Plaintiff's complaint is one for unlawful detainer.  (*See* Compl.)

26   This does not present a federal question.  *See Litton Loan Servicing, L.P. v. Villegas*, No. 10-5478

27   (PJH), 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011).  Moreover, the amount in controversy is

28   less than $10,000.  (*See* Compl.)  This falls well below the $75,000 threshold for diversity

United States District Court
Northern District of California

jurisdiction.  *See* 28 U.S.C. § 1332.  Thus, there is no basis for subject matter jurisdiction in this case.

Accordingly, the undersigned recommends that this action be remanded to Contra Costa County Superior Court.  Furthermore, as Defendant has not consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c), the undersigned orders that this case be reassigned to a district judge.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-2.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568 EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

**IT IS SO RECOMMENDED.**

Dated:  08/26/14

KANDIS A. WESTMORE
United States Magistrate Judge