UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br>    Plaintiff,<br>v.<br>JEFFREY M. STOLTE,<br>    Defendant. | Case No.  14-cv-02138-JST<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING CASE TO STATE COURT**<br><br>Re: ECF Nos. 8, 11 |

Plaintiff filed this unlawful detainer action in Contra Costa County Superior Court in August 2013.  ECF No. 1, ¶ 2.  Defendant, who is proceeding *pro se*, removed the case to the Northern District of California in May 2014, where the case was initially assigned to Magistrate Judge Kandis Westmore.  Id.  On August 5, 2014, Judge Westmore issued an Order to Show Cause, asking Defendant to show that he correctly invoked federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  ECF No. 7.  Defendant did not file a response to that Order.

On August 26, 2014, the case was reassigned to this Court.  ECF Nos. 8, 9.  In conjunction with the order reassigning the case, Judge Westmore issued a Report and Recommendation To Remand the Case To State Court.  ECF No. 8.  The Report indicated that the case should be remanded due to a lack of federal subject matter jurisdiction; in particular, a lack of diversity jurisdiction.  Id.  On August 28, 2014, this Court set September 11, 2014 as the deadline for the parties to respond to Judge Westmore's Report.  ECF No. 11.  Neither party filed a response.

In her Report and Recommendation, Judge Westmore noted that Defendant once before removed this case to federal court, and in that instance, the case was remanded to state court for lack of jurisdiction.  ECF No. 8 at 1.  Further, as Judge Westmore noted, Plaintiff declared the action a "Limited Civil Case" under California law, with the complaint seeking not more than $10,000.  Id.; see also ECF No. 1, Ex. A at 7.

In order for this Court to have diversity jurisdiction over this action, the parties must be completely diverse—i.e., be citizens of different states—and more than $75,000 must be in controversy in the action. 28 U.S.C. § 1332(a). Despite Plaintiff's assertion that it seeks no more than $10,000, Defendant states in his notice of removal that diversity jurisdiction is satisfied because the amount in controversy exceeds $75,000. ECF No. 1 at 3. Defendant provides no support for this allegation, which therefore is inadequate to support jurisdiction. See 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except [in circumstances not applicable here]"). Likewise, Defendant has not sufficiently alleged that the parties are completely diverse: in the notice of removal, Defendant states that "Plaintiff is a Corporation doing business in California," but mentions nothing regarding Plaintiff's citizenship—i.e., its state of incorporation or its principal place of business. See London v. Standard Oil Co. of Cal., 417 F.2d 820, 822 (9th Cir. 1969) (holding that diversity jurisdiction was not adequately alleged where notice of removal failed to allege corporate party's principal place of business).

Given that Defendant has failed to adequately allege the basis of diversity jurisdiction in this Court or to respond to Judge Westmore's Report and Recommendation[1], and that the Court can find no other basis for its jurisdiction, the Court finds that it lacks subject-matter jurisdiction under 28 U.S.C. § 1332 over this action. Accordingly, the Court hereby ADOPTS Judge

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The Court notes that mail sent from the Court to the Defendant was recently returned as undeliverable. See ECF No. 12. Civil Local Rule 3-11(a) provides that any attorney or party proceeding pro se "whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address."

Westmore's Report and Recommendation and REMANDS this case, No. 14-cv-02138-JST, to the Contra Costa County Superior Court from which it was removed.

**IT IS SO ORDERED.**

Dated: September 17, 2014

_____
JON S. TIGAR
United States District Judge